IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHEAL SALMON,

                **Plaintiff,**

    v.                                                                                    CASE NO. 25-3148-JWL

DAVID BRAUN, et al.,

                **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a pro se complaint filed by Plaintiff and state prisoner Micheal Salmon, who is currently incarcerated at the Franklin County Detention Center in Ottawa, Kansas. When Plaintiff submitted his complaint for filing, he also submitted a motion for leave to proceed in forma pauperis, but he did not include the financial statement that is required by federal statute to support the motion. (Doc. 2.) Under 28 U.S.C. §1915(a)(2):

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner was or is confined.

Since Plaintiff had not submitted the account statement, on July 31, 2025, the Court issued a notice of deficiency explaining to Plaintiff that he is required do so within 30 days. (Doc. 3.)

On August 11, 2025, the Court received from Plaintiff notice that he has requested the account statement from staff at the Franklin County Detention Center five times and has been refused each time. (Doc. 6.) Plaintiff further asserts that the kiosk will verify the attempts, as will a recording of his asking and being refused through an intercom. *Id.* This Court does not have access to Franklin County Detention Center kiosk records or any audio records that might be

1

available.

In light of the information in Plaintiff's most recent filing, however, the time in which Plaintiff may submit the account statement will be extended. The Court also will direct the Clerk to provide the Franklin County Detention Center with a copy of this order, notifying them of the obligations set forth in 28 U.S.C. § 1915(a)(2), and a copy of the notice of deficiency at Doc. 3. If Plaintiff experiences difficulty obtaining the required financial certificate, he should so inform the Court, in writing and prior to the deadline for compliance with this order, and he should describe as specifically as he is able his efforts to obtain the certificate and any response he received from staff at the Franklin County Detention Center.

**IT IS THEREFORE ORDERED** that the deadline by which Plaintiff must comply with the notice of deficiency (Doc. 3) is extended to and including **September 15, 2025**. On or before that date, Plaintiff must submit the account statement required to support his pending motion for leave to proceed in forma pauperis (Doc. 2). In the alternative, Plaintiff may pay the full $405.00 filing fee.

**IT IS FURTHER ORDERED** that the Clerk shall provide the Franklin County Detention Center with a copy of this order and a copy of the Court's Notice of Deficiency at Doc. 3.

**IT IS SO ORDERED.**

DATED:   This 13th day of August, 2025, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge