IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHEAL SALMON,**

        **Plaintiff,**

        v.                                                    **CASE NO. 25-3148-JWL**

**DAVID BRAUN, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff and Kansas pretrial detainee Micheal Salmon brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Franklin County Detention Center (FCDC) in Ottawa, Kansas and is facing state criminal charges. He has been granted leave to proceed without prepayment of fees. (Doc. 10.) The Court has conducted the statutorily required screening of the complaint and has identified deficiencies that leave this matter subject to dismissal in its entirety. Plaintiff will be granted time in which to show cause, in writing, why this matter should not be dismissed without prejudice.

**I. Plaintiff's Affidavits of Fact (Docs. 4, 8, and 9)**

As an initial matter, the Court will address the documents Plaintiff has submitted to this Court that are titled "Affidavit of Fact."[1] (Doc. 4, 8, and 9.) In the affidavits, Plaintiff asserts that the FCDC has "consistently been withholding, manipulating, stealing, destroying, and refusing to mail [his] legal letters"; his letters to the Department of Justice requesting "oversight" have gone unanswered and may not have been mailed at all; his requests for paper and envelopes so that he

---

[1] The affidavit of fact filed on August 11, 2025 (Doc. 6), parts of the affidavit of fact filed on August 14, 2025 (Doc. 8), and part of the affidavit of fact filed on August 15, 2025 (Doc. 9) were related to Plaintiff's motion to proceed without prepayment of fees. Since Plaintiff has been granted leave to proceed without prepayment of fees in this case, those portions of the affidavits of fact will not be addressed further in this order.

can defend himself have been denied; the attorney appointed in state court to represent him in the criminal case has refused to help him or to withdraw from representing him; and Judge David Braun of the District Court of Franklin County, Kansas, who is a Defendant in this action, "continues to manipulate the color of law." (Docs. 4, 8, and 9.)

The Court will take no further action on these affidavits of fact. (Docs. 4, 8, and 9.) As discussed below, the complaint in this matter does not include a claim for relief based on FCDC staff interfering with Plaintiff's legal mail or refusing to provide paper and envelopes to Plaintiff. Only documents relevant to this case should be filed in this case.[2] Additionally, a civil rights action under 42 U.S.C. § 1983 filed in federal court, like this one, is not the appropriate place to challenge the effectiveness of defense counsel in an ongoing state-court criminal prosecution. Plaintiff should raise any such complaints in state court. Finally, as discussed below, this Court lacks authority to direct the Department of Justice to investigate Plaintiff's claims.

## II. Screening Standards

Because Plaintiff is a prisoner and proceeds without prepayment of fees, the Court is required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).

---

[2] If Plaintiff wishes to add claims, defendants, or factual allegations to the complaint in this case, he must do so by filing a complete and proper amended complaint in this case that contains all of the claims he wishes to pursue. *See* Fed. R. Civ. P. 15. If Plaintiff requests from the clerk of this Court the required form on which to file an amended complaint, the clerk will provide the form at no cost to Plaintiff.

The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

**III. The Complaint**

Plaintiff names as Defendants in this matter the State of Kansas and Judge David Braun of the District Court of Franklin County, Kansas. (Doc. 1, p. 1-2.) The factual background for the complaint includes child custody proceedings and legal proceedings in Stone County, Missouri; Wyandotte County, Kansas; and Franklin County, Kansas. *Id.* at 2, 6-7.[3] Highly summarized and liberally construed, the complaint alleges that Crycella Freitag obtained in Missouri state court an order granting her custody of her and Plaintiff's son. Plaintiff asserts that Ms. Freitag did so by committing perjury, which Plaintiff alleges a Missouri judge allowed and facilitated. Plaintiff further alleges that a Wyandotte County District Judge manipulated jurisdiction, engaged in illegal eviction proceedings, and violated Plaintiff's constitutional rights through various actions, including having Plaintiff illegally arrested. *Id.* at 6.

In June 2025, Judge Braun granted Ms. Freitag what Plaintiff describes as a "frivolous" protection from abuse order that prevented Plaintiff from having access to his family. *Id.* at 3, 6.

---

[3] Plaintiff includes more specific information regarding his claims of illegalities in the Missouri proceedings in a narrative attached to his complaint. (Doc. 1, p. 6-7.) The Court has considered those factual allegations during screening and has liberally construed them, but they are not reproduced here in detail because the details do not affect the analysis set forth in this order.

When Plaintiff called the police to assist him with seeing his son on Father's Day, he was arrested without being given any *Miranda* warnings. *Id.* at 6. Plaintiff asserts that Judge Braun set Plaintiff's court date for 4 months out so that Plaintiff will remain incarcerated as long as possible without due process. *Id.* at 7. Judge Braun also assigned a public defender to represent Plaintiff. *Id.* Plaintiff alleges that the public defender worked against Plaintiff, insulted and threatened him, and attempted to keep Plaintiff from defending himself. *Id.* Plaintiff further asserts that FCDC officials and staff have violated his constitutional rights by tampering with his legal mail, stealing his social security card, and placing him in inhumane living conditions. *Id.*

In Count I, Plaintiff alleges malicious prosecution, the denial of due process, the failure to advise him of his *Miranda* rights prior to arrest, and the denial of his right to a speedy trial. *Id.* at 3. As supporting facts for Count I, Plaintiff points to Judge Braun issuing the protection from abuse order and Plaintiff's subsequent arrest after he contacted police to try to see his son. *Id.* In Count II, Plaintiff alleges a violation of the Equal Protection Clause. *Id.* As supporting facts for Count II, Plaintiff states that although he has recorded and posted online evidence that proves perjury, lies, and "group coer[c]ion," his claims have been completely ignored and he has been jailed. *Id.*

In Count III, Plaintiff alleges: "No Prenumbra to Privacy [*sic*]." *Id.* at 4. As supporting facts for Count III, Plaintiff asserts that Stone County officials entered a child custody order without jurisdiction, then Wyandotte County and Franklin County officials "used this to violate due process." *Id.* Plaintiff claims that "[j]urisdiction has been manipulated to segregate [him] from [his] family." *Id.* As relief, Plaintiff seeks his immediate release from Franklin County Detention Center, an order for a full federal investigation of his claims, and $2,500,000.00. *Id.* at 5.

IV. **Discussion**

    A. **Relief Requested**

Plaintiff seeks his immediate release from FCDC, but such relief is unavailable in an action brought under 42 U.S.C. § 1983. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). The Court declines to liberally construe this matter as one seeking habeas relief, since Plaintiff's status as a pretrial detainee likely means that this Court would be required to abstain from considering a habeas claim from him at this time. *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (federal courts must abstain from exercising jurisdiction over habeas matters brought by state prisoners when there is an ongoing state criminal proceeding, the state court provides an adequate forum to raise the federal constitutional claims, and the state proceedings involve important state interests); *Ex parte Royall*, 117 U.S. 241 (1886) (describing very limited circumstances in which a federal court may intervene in ongoing state-court criminal proceedings, none of which apply here); *Winn v. Cook*, 945 F.3d 1253 (10th Cir. 2019).

Similarly, Plaintiff broadly requests a federal investigation of his claims, but this Court lacks the authority to order a criminal investigation. *See, e.g., Nicholas v. Hunter*, 228 Fed. Appx. 139, 141 (3rd Cir. 2007) ("[T]he District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Hayford v. Fed. Bureau of Prisons*, 2023 WL 3433962, *6 (D. Kan. May 12, 2023) (unpublished) (denying request "that the Court refer this matter for criminal investigation against Defendants" and collecting cases holding that federal courts lack such authority); *Lovoi v. U.S. Dept. of Justice*, 679 F. Supp. 2d 12, 14 (D. D.C. 2010) (holding that the court lacks authority to direct the Department of Justice to investigate claims of fraud). Because Plaintiff's requests for release and an investigation cannot be granted in this matter, that leaves only his request for money damages.

**B. Defendants**

The narrative Plaintiff attached to his complaint refers to multiple individuals who Plaintiff asserts violated his rights. (Doc. 1, p. 6-7.) But the only two Defendants named in the complaint filed in this matter are the State of Kansas and Judge Braun. *Id.* at 1-2. Both of these Defendants are immune from suit in this Court for money damages.

The Eleventh Amendment presents a general jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). There are three exceptions to state immunity under the Eleventh Amendment: (1) when the State consents to suit, meaning it waives immunity; (2) when Congress properly abrogates the immunity through legislation; and (3) when there are ongoing violations of federal relief and the plaintiff seeks only prospective injunctive relief. *See Frank v. Lee*, 84 F.4th 1119, 1130-31 (10th Cir. 2023); *Umholtz v. Kan. Dept. of Soc. and Rehabilitation Servs.*, 926 F. Supp. 2d 1222, 1227 (D. Kan. 2013).

Nothing in the complaint now before the Court suggests that the State has consented to Plaintiff suing it. In addition, it is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002); *see also McGee v. Corizon,* 831 F. Appx. 381, (10th Cir. Oct. 14, 2020) (unpublished) ("As to the Kansas Department of Corrections, the Eleventh Amendment bars McGee's claim. It is well-recognized that an action cannot be brought in federal court against a state or its agencies."). Plaintiff seeks money damages in this suit.[4] Thus, none of the three exceptions to Eleventh Amendment immunity seem to apply here, which means

---

[4] Plaintiff also seeks his release and an investigation of his claims, but such relief is not available in a 42 U.S.C. § 1983 action, as discussed earlier in this order.

that the State of Kansas must be dismissed from this action.

Additionally, to the extent that Plaintiff is suing Judge Braun in his official capacity, the same bar applies.[5] Kansas district court judges are state officials. *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004); *see also Sigg v. Dist. Court of Allen Cnty., Kan.*, 2012 WL 941144, at *4 (D. Kan. March 20, 2012) (district court judge is a state official and official capacity claims against judge for money damages are barred). For § 1983 purposes, a state official is the state itself when sued in his or her official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, state officers acting in their official capacity are not considered "persons" against whom a claim for damages can be brought under § 1983. *Will*, 491 U.S. at 71. Again, there is no indication that any of the three exceptions to Eleventh Amendment immunity apply here. Thus, any claims against Judge Braun in his official capacity in this action are subject to dismissal.

Finally, even if Plaintiff sues Judge Braun in his individual capacity, Judge Braun is entitled to judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Even liberally construing the complaint and attachments thereto, Plaintiff's allegations involving Judge Braun involve only actions he took in his judicial capacity and Plaintiff does not allege facts that, if true,

---

[5] The Court notes that the Eleventh Amendment bar to suit for monetary damages against a state district judge was also explained to Plaintiff in a recent report and recommendation entered in a separate 42 U.S.C. § 1983 action in this Court. *See Salmon v. Dupree, et al.*, Case No. 25-2276-DDC-TJJ, Doc. 25, p. 7 (D. Kan. July 22, 2025).

show that Judge Braun acted in the clear absence of all jurisdiction. Thus, Judge Braun is subject to dismissal from this action.

## V. Conclusion

To summarize, both of the named Defendants in this matter are immune from suit for money damages and the only relief Plaintiff seeks that is not monetary—his release and a federal investigation of his claims—is unavailable in an action under 42 U.S.C. § 1983. Thus, this matter is subject to dismissal in its entirety. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). Plaintiff will be granted time in which to show cause, in writing, why this matter should not be dismissed in its entirety. If Plaintiff fails to respond by the deadline set in this order, this case will be dismissed without further prior notice to Plaintiff for failure to state a plausible claim for relief against a named defendant.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted to and including **September 19, 2025** in which to show cause, in writing, why this matter should not be dismissed for failure to state a plausible claim for relief against a named defendant.

**IT IS SO ORDERED**.

Dated August 19, 2025, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
