IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHEAL SALMON,

    Plaintiff,

v.                                                         CASE NO. 25-3148-JWL

DAVID BRAUN, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Micheal Salmon is a state pretrial detainee currently detained at the Frankin County Detention Center (FCDC) in Ottawa, Kansas. He brings this pro se civil action under 42 U.S.C. § 1983 and has been granted leave to proceed without prepayment of fees. (Docs. 1 and 10.) On August 19, 2025, the Court issued a memorandum and order to show cause (MOSC) identifying deficiencies in the complaint that leave this matter subject to dismissal in its entirety. (Doc. 11.) Plaintiff has timely filed his response to the MOSC (Doc. 17), as well as four motions. For the reasons set forth below, the motions will be denied and this matter will be dismissed with prejudice for failure to state a claim.

**I. The Complaint (Doc. 1) and MOSC (Doc. 11)**

This case stems from various court proceedings that occurred in Stone County, Missouri; Wyandotte County, Kansas; and Franklin County, Kansas. (Doc. 1, p. 2, 6-7.) Plaintiff alleges that through these proceedings, rulings were based on perjured testimony, judges committed illegal and improper acts, and Plaintiff's constitutional rights were violated. *Id.* at 2-7. As Defendants in this matter, Plaintiff names the State of Kansas and Judge David Braun of the District Court of Franklin County, Kansas. *Id.* at 1-2. Plaintiff asserts three counts in his complaint: Count I alleges

1

malicious prosecution and the denial of due process with respect to a protection from abuse order issued by Judge Brown and Plaintiff's related arrest. (Doc. 1, p. 3.) Count II asserts an equal protection violation based on Plaintiff's being jailed despite his evidence of perjury, lies, and group coercion during the Kansas and Missouri state-court proceedings. *Id.*

Count III alleges that the Missouri courts entered a child custody order without having jurisdiction to do so and that Kansas courts then used the order to violate Plaintiff's due process rights. *Id.* at 4. These claims are set forth in greater detail in the MOSC and need not be described further here. (*See* Doc. 11, p. 4.) As relief, Plaintiff seeks his immediate release from Franklin County Detention Center, a full investigation of his claims, and $2,500,000.00. (Doc. 1, p. 5.)

Because Plaintiff is a prisoner and proceeds in this case without prepayment of fees, the Court is required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). After conducting the required screening, the Court issued the MOSC, which set forth the standards for screening and summarized the complaint. (Doc. 11, p. 2-4.) The MOSC then explained to Plaintiff that his request for release is subject to dismissal because a petition for habeas corpus is the only avenue in federal court for a state prisoner to obtain release. *Id.* at 5. The MOSC further explained the Court's decision not to liberally construe this case as one seeking habeas relief since the United States Supreme Court's holdings in *Younger v. Harris*, 401 US. 47 (1971), and *Ex parte Royall*, 117 U.S. 241 (1886), would likely require the Court to abstain from considering habeas claims from Plaintiff at this time. (Doc. 11, p. 5.)

Next, the MOSC stated that this Court lacks the authority to order the broad kind of federal investigation Plaintiff seeks as relief in this case, which leaves Plaintiff's request for money

damages as the sole relief being sought. *Id.* The MOSC noted that the only two Defendants named in the complaint are the State and Judge Braun. *Id.* at 6. The Eleventh Amendment generally bars suit against the State for money damages. *Id.* There are exceptions, but as the MOSC noted, no exceptions appear to apply here. *Id.* Thus, the State must be dismissed from this case. *Id.* at 6-7.

The MOSC further stated that if Plaintiff sues Judge Braun in his official capacity, the same Eleventh Amendment bar applies to Plaintiff's claim for money damages. *Id.* at 7. And even if Plaintiff sues Judge Braun in his individual capacity[1], Judge Braun is entitled to judicial immunity because the claims against Judge Braun are based only on actions he took in his judicial capacity and Plaintiff has not alleged facts showing Judge Braun acted in the clear absence of all jurisdiction. *Id.* at 7-8. Therefore, because the complaint names only the State and Judge Braun as defendants, this case is subject to dismissal in its entirety. *Id.* at 8.

## II. Plaintiff's Motions

Because Plaintiffs motions include, among other things, a request to add a plaintiff to this action, the Court will address the motions before discussing Plaintiff's response to the MOSC. As an initial matter, the Court notes that each of the motions now pending before the Court include allegations and claims that are not included in the complaint. The Court clearly stated in the MOSC:

> If Plaintiff wishes to add claims, defendants, or factual allegations to the complaint in this case, he must do so by filing a complete and proper amended complaint in this case that contains all of the claims he wishes to pursue. *See* Fed. R. Civ. P. 15. If Plaintiff requests from the clerk of this Court the required form on which to file an amended complaint, the clerk will provide the form at no cost to Plaintiff.

(Doc. 11, p. 1 n.2.) Plaintiff has not filed an amended complaint in this case. Plaintiff has, however,

---

[1] "Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3 1152, 1161 n.5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 27, 30 (1991)).

3

filed a "Motion to Include Judge Klapper, et al." (Doc. 14), which can be liberally construed as a motion to amend the complaint.

In the "Motion to Include Judge Klapper, et al.," Plaintiff states that Judge Klapper of the Wyandotte County District Court and the Wyandotte County Sheriff's Department (WCSD) "need[] to be included" in this case and that the defense attorney formerly appointed to represent Plaintiff in his state criminal proceedings should "be investigated." (Doc. 14, p. 1-2.) He reasserts that the WCSD illegally arrested him in late June 2025, that Judge Klapper engaged in improper communications with Judge Braun and/or state prosecutor Tara Athmer, and that defense counsel did not advocate for Plaintiff. *Id.* Plaintiff also alleges additional facts regarding the conditions with which he would be required to comply if he is released on bond and he states that he believes the individuals named above are acting together to violate his constitutional rights. *Id.* at 2-3.

To the extent that this motion can be liberally construed as a motion to amend the complaint, it will be denied. First, Plaintiff has not attached a proposed amended complaint as required by the Court's Local Rules when filing a motion to amend a complaint. *See* D. Kan. Rule 15.1(a)(2). Second, to the extent that the motion seeks the investigation of Judge Klapper, the WCSD, the state prosecutor, or his former defense counsel, the Court has already explained that it cannot grant such relief. (*See* Doc. 11, p. 5.)

Third, amending this case to add the WCSD, Judge Klapper, former defense counsel, and the state prosecutor as Defendants would be futile because each would be immediately subject to dismissal, so their addition would not alter the Court's conclusion in the MOSC that this matter should be dismissed because it fails to state a proper defendant. "The WCSD is not an entity that may be sued under 42 U.S.C. § 1983." *Hamilton v. Unified Govt. of Kan. City, Kan.*, 2025 WL 2444152, * (D. Kan. Aug. 25, 2024) (citing *Schlobohm v. Ash*, 2024 WL 3511307, *8 (D. Kan.

July 23, 2024) (unpublished) (holding that the Wyandotte County Sheriff's Office "is not a suable entity under § 1983" and collecting cases with similar holdings regarding other Kansas county sheriff's departments)). Because the claims against Judge Klapper are based on actions taken in Judge Klapper's judicial role, Judge Klapper would have judicial immunity for the reasons the MOSC set forth with respect to Judge Braun. (*See* Doc. 11, p. 7-8.)

Similarly, a prosecutor is absolutely immune from civil liability for damages for acts he or she undertakes "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1193 (10th Cir. 2008) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). All of Plaintiff's allegations related to the state prosecutor involve acts she took in her prosecutorial role. Thus, she would be entitled to immunity from these claims.

Finally, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 324 (1981). All of the allegations regarding defense counsel involve acts or inaction that occurred while performing the traditional functions of defense counsel, so Plaintiff has not sufficiently shown that his former defense counsel was acting under color of state law, as required to state a plausible claim for relief under § 1983. *See West v. Atkins,* 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). For all of these reasons, this motion will be denied.

Plaintiff's remaining motions fare no better. In his motion to vacate and correct sentence, Plaintiff asserts that Judge Braun is scheduling Plaintiff's court dates in order to interfere with

Plaintiff's right to a speedy trial and Plaintiff repeats his allegations regarding unconstitutional acts that occurred during his arrest and his pretrial detention. (Doc. 13, p. 1-2.) Plaintiff does not clearly state what action by this Court the motion to vacate and correct sentence seeks and the Court has already explained to Plaintiff that release is not a remedy available under § 1983. Thus, the motion will be denied.

In Plaintiff's "Writ of Mandamus Quo Warranto," he reasserts factual allegations and legal claims made in other filings in this case and he seeks "quo warranto" relief based on the failure to give him *Miranda* warnings and the coercion that occurred during his booking at FCDC. (Doc. 15, p. 1-2.) Plaintiff further asserts mail tampering by jail officials, and he asks for an order for his immediate release, the dropping of charges, expungement of his record, monetary compensation, and the "[r]emoval of all Judge Braun[']s orders." *Id.* at 2. The motion will be denied.

First, to the extent that Plaintiff seeks a writ of mandamus, "federal courts have no authority to issue a writ of mandamus to a state court." *Stewart v. Hill*, 8 F. App'x 894, 896 (10th Cir. 2001) (unpublished) (citation omitted). Second, a writ of quo warranto is "[a] common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed." Black's Law Dictionary (12th ed. 2024). Issuance of such a writ would not entitle Plaintiff to any of the remedies he seeks in this motion[2], nor is issuance of the writ justified by the assertions in the motion, which—even when liberally construed—have nothing to do with the authority under which a public office is held or a franchise is claimed. Third, to the extent that this pro se motion could be

---

[2] As explained in the MOSC, release is not an available remedy under 42 U.S.C. § 1983. (Doc. 11, p. 5.) Similarly, because an order to dismiss the state criminal charge or charges against Plaintiff would result in his release and would run afoul of *Younger* and *Ex parte Royall*, the Court cannot grant Plaintiff's request for such an order. As also explained in the MOSC, Plaintiff has not named a Defendant in this matter from whom he can obtain money damages, so his request for money damages must fail. (Doc. 11, p. 6-7.) Expungement of Kansas conviction and arrest records is governed by K.S.A. 21-6614 and K.S.A. 22-2410, which places expungement decisions within the purview of the state district courts. Moreover, federal injunctive orders generally bind only types of individuals and the Kansas state court system does not fall within those parameters. See Fed. R. Civ. P. 65(d)(2)

liberally construed as one seeking preliminary injunctive relief, it would also fail.

> When seeking a preliminary injunction, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." In addition, the movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.

*Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Plaintiff has made none of these showings.

For similar reasons, the Court will also deny Plaintiff's motion for writ of mandamus, in which he focuses on the conditions of confinement and his treatment by staff at the FCDC. (Doc. 16, p. 1-3.) As noted above, this Court lacks authority to issue a writ of mandamus to the state courts. Additionally, the allegations in the motion for writ of mandamus concern matters that are not sufficiently related to the claims and parties identified in the complaint. Put simply, none of the three counts articulated in the complaint involve conditions of confinement or acts by staff at the FCDC. (*See* Doc. 1.) Thus, Plaintiff cannot obtain preliminary injunctive relief of the type sought in this motion.

### III. Plaintiff's Response to the MOSC (Doc. 17)

In his response to the MOSC, Plaintiff reasserts the merits of his claims that his constitutional rights have been and are being violated, inviting the Court to review a website that contains "his legal defense framework." (Doc. 17, p. 1-2.) Plaintiff then focuses on the requirements for injunctive relief, asserting that he will succeed on the merits of his claims in this case, he will suffer irreparable harm if this Court does not rule in his favor, his injuries "clearly outweigh everyone involved," and ruling in his favor will serve the public because any other outcome will "demonstrate complete judicial failure," leading to a public "loss of all trust in the system." *Id.* at 2-3.

Plaintiff asks this Court to "[t]ake jurisdiction of all connected cases," including the cases in Missouri and Kansas state courts; "allow [P]laintiff internet access so he may update his website, check his email for court-related information, and verify legal arguments; provide Plaintiff with "all requested protection orders"; assist Plaintiff with subpoena enforcement; reopen all related cases that have been closed so that Plaintiff can fairly defend or prosecute them; order Plaintiff's immediate release; and award monetary damages. *Id.* at 4-5. He states that he has now "corrected the record" to request injunctive, non-monetary relief from Judge Braun. *Id.* at 6. Plaintiff further asserts that he has shown justification for his release and that "habeas corpus relief is the only option," yet he also refers to this action as a "future civil RICO charge." *Id.* Because it appears from Plaintiff's response that he may wish to seek federal habeas relief, Plaintiff is reminded that the required forms for seeking federal habeas relief are available upon request from the office of the Clerk of this Court.

The Court has carefully considered and liberally construed all of the arguments in Plaintiff's pro se response to the MOSC, as well as those in the motions discussed above. Even doing so, however, the basis for the Court's conclusion in the MOSC remains unchanged. This matter is subject to dismissal because Plaintiff has named only Defendants who are immune from suit, meaning he has failed to state a claim on which relief could be granted. Put another way, when all of the facts alleged in the complaint are liberally construed and taken as true, they do not support a plausible claim for relief against any named Defendant. Accordingly, this matter will be dismissed. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to vacate and correct sentence (**Doc. 13**); the motion to include Judge Klapper, et al. (**Doc. 14**), the motion for writ of

mandamus quo warranto (**Doc. 15**), and the motion for writ of mandamus (**Doc. 16**) are **denied** and this matter is **dismissed** with prejudice for failure to state a claim on which relief can be granted.

**IT IS SO ORDERED**.

**Dated this 29th day of August, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**