IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHEAL SALMON,

    **Plaintiff,**

    v.                                                         CASE NO. 25-3148-JWL

DAVID BRAUN, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

    Plaintiff Micheal Salmon, a state pretrial detainee currently detained at the Frankin County Detention Center (FCDC) in Ottawa, Kansas, brought this pro se civil action under 42 U.S.C. § 1983. (Doc. 1.) On August 19, 2025, the Court issued a memorandum and order to show cause (MOSC) identifying deficiencies in the complaint that left this matter subject to dismissal in its entirety. (Doc. 11.) Plaintiff filed a response to the MOSC, as well as multiple motions. (Docs. 13-17.) On August 29, 2025, the Court issued an order ruling on the motions and dismissing this matter with prejudice for failure to state a claim on which relief can be granted. (Doc. 18.) On September 2, 2025, the Court received from Plaintiff a "Motion for Summary Judgment then reclassification to Civil Rico and begin discovery for class action" (Doc. 20) and a "Motion to show cause and Jurisdiction," which the Court has liberally construed as a second response to the MOSC (Doc. 21).

    As noted above, Plaintiff is detained at the FCDC. This means that he must mail his filings to the clerk of this Court, which can at times lead to his motions and this Court's orders crossing in the mail. The Court notes that the envelopes containing the filings discussed in this order both are postmarked August 29, 2025, which is the same day the Court issued its order of dismissal.

(Docs. 20-1 and 21-2.) Accordingly, the Court will consider these motions on their merits and will determine whether the arguments in these motions—if they had been received prior to the Court dismissing this matter—would have affected the Court's decision to dismiss this case.

In the motion for summary judgment, reclassification, and discovery, Plaintiff recites the standard for when summary judgment is appropriate and explains the relief he seeks in this lawsuit, which includes the return of his truck, reversal of an eviction, and his immediate release from pretrial detention. (Doc. 20, p. 1.) Next, Plaintiff asks that this case be redesignated as a RICO action and "processed immediately," and he provides a list of case citations that he believes support his arguments. *Id.* at 2.

Even if this case had not been dismissed, any request for summary judgment would have been denied. As explained in the MOSC, both of the Defendants Plaintiff named in this case are immune from being sued in this case. (Doc. 11, p. 6-8.) As explained in the order of dismissal, nothing in Plaintiff's motions or response to the MOSC altered that conclusion or properly added defendants to this matter. (Doc. 18, p. 3-5, 8.) Thus, there are no proper defendants in this matter against whom Plaintiff could obtain summary judgment.

Plaintiff's request for reclassification of this case is similarly unpersuasive. In support of his statement that this case's "proper classification status" is a civil RICO case, he directs the Court to the document filed at "ECF No. 10." (Doc. 20, p. 2.) The 10th entry on the docket for this matter is an order granting Plaintiff leave to proceed without prepayment of fees, which has no obvious relevance to Plaintiff's request for reclassification. In addition, nothing in the complaint filed in this matter, even when it is liberally construed, states a civil RICO claim. As previously explained to Plaintiff, the way to alter the nature of his claims in this matter was to file an amended complaint, which Plaintiff did not do. (*See* Doc. 11, p. 2 n.2; Doc. 18, p. 3-4.) Thus, this motion will be denied.

The Court further concludes that no argument in this motion would have persuaded the Court not to dismiss this case for the reasons stated in the dismissal order.

In the "Motion to show cause and Jurisdiction," Plaintiff responds to the MOSC and argues against the dismissal of his case. (Doc. 21.) As a reminder,

> The MOSC . . . explained to Plaintiff that his request for release is subject to dismissal because a petition for habeas corpus is the only avenue in federal court for a state prisoner to obtain release. *Id.* at 5. The MOSC further explained the Court's decision not to liberally construe this case as one seeking habeas relief since the United States Supreme Court's holdings in *Younger v. Harris*, 401 US. 47 (1971), and *Ex parte Royall*, 117 U.S. 241 (1886), would likely require the Court to abstain from considering habeas claims from Plaintiff at this time. (Doc. 11, p. 5.)
>
> Next, the MOSC stated that this Court lacks the authority to order the broad kind of federal investigation Plaintiff seeks as relief in this case, which leaves Plaintiff's request for money damages as the sole relief being sought. *Id.* The MOSC noted that the only two Defendants named in the complaint are the State and Judge Braun. *Id.* at 6. The Eleventh Amendment generally bars suit against the State for money damages. *Id.* There are exceptions, but[,] as the MOSC noted, no exceptions appear to apply here. *Id.* Thus, the State must be dismissed from this case. *Id.* at 6-7.
>
> The MOSC further stated that if Plaintiff sues Judge Braun in his official capacity, the same Eleventh Amendment bar applies to Plaintiff's claim for money damages. *Id.* at 7. And even if Plaintiff sues Judge Braun in his individual capacity[1], Judge Braun is entitled to judicial immunity because the claims against Judge Braun are based only on actions he took in his judicial capacity and Plaintiff has not alleged facts showing Judge Braun acted in the clear absence of all jurisdiction. *Id.* at 7-8. Therefore, because the complaint names only the State and Judge Braun as defendants, this case is subject to dismissal in its entirety. *Id.* at 8.

(Doc. 18, p. 2-3.)

Plaintiff now asserts that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332 and that dismissal of a case is a harsh remedy that should be used cautiously. (Doc. 21, p. 1.) He further argues that under 42 U.S.C. § 1983, the "[o]nly proof needs to be government official committing

---

[1] "Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3 1152, 1161 n.5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 27, 30 (1991)).

3

a constitutional violation, and the policy or custom was the moving force behind the deprivation." *Id.* He claims that because he is "seeking partial injunctive relief," he is entitled to the "*Ex parte Young* exception" to the Eleventh Amendment immunity enjoyed by the State of Kansas. *Id.*; *See also Ex parte Young*, 209 U.S. 123 (1908). Plaintiff also states that he is invoking the continuing violation doctrine to show continuing discrimination. (Doc. 21, p. 1.)

The Court is unpersuaded by these arguments and consideration of them prior to the decision to dismiss this matter would not have altered the Court's decision. As explained in the MOSC, the Eleventh Amendment bars suits for money damages against the State of Kansas, unless the State waives its immunity. (Doc. 11, p. 6-7.) Plaintiff's assertion that he seeks partial injunctive relief, which would entitle him to pursue his claims in this suit under the doctrine set forth in *Ex parte Young*, is misplaced for two reasons. First, the *Ex parte Young* doctrine applies only when "plaintiffs are suing state officials rather than the state itself." *Elephant Butte Irrigation Dist. of N.M. v. Dep't of the Interior*, 160 F.3d 602, 609 (10th Cir. 1998). Thus, it would not affect Plaintiff's claims against the State of Kansas, which was one of the two Defendants Plaintiff named in this action. (*See* Doc. 1.)

Additionally, the invocation of *Ex parte Young* with respect to the claims against Judge Braun disregards the MOSC's explanation that the injunctive relief Plaintiff seeks "is not available in a 42 U.S.C. § 1983 action," leaving only his request for money damages properly in this suit. (*See* Doc. 11, p. 5-6 & n.4.) Although Plaintiff may have articulated in motions and affidavits filed in this Court additional relief he sought in this case, the Court previously informed Plaintiff that to add claims, defendants, or factual allegations to this case, he must file a complete and proper amended complaint.(*See* Doc. 11, p. 2 n.2.) The operative complaint in this matter (Doc. 1) does

not request injunctive relief that is available in a 42 U.S.C. § 1983 action. Thus, the *Ex parte Young* doctrine does not apply to save Plaintiff's claim against Judge Braun.

Next, Plaintiff argues that Judge Braun is not entitled to judicial immunity because he issued a frivolous protection order based on Ms. Freitag's fraud and deception, he told Plaintiff to "'shut up and face forward'" during a hearing, and he worked with a prosecutor, all of which Plaintiff asserts strips Judge Braun of his judicial immunity. (Doc. 21, p. 2.) In support, Plaintiff directs the Court to *Stump v. Sparman*, 435 U.S. 349 (1978); *Pulliam v. Allen*, 446 U.S. 522 (1984); and *San Filippo v. U.S. Trust Co. of New York, Inc.*, 737 F.2d 246 (2d Cir. 1984). (Doc. 21, p. 2.) The Court has carefully read and considered the cases cited by Plaintiff and concludes that none of them provide legal authority to find that Judge Braun is not entitled to judicial immunity in this matter.

*Stump* holds that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" 435 U.S. at 356-57. Thus, *Stump* undermines Plaintiff's position in this case that Judge Braun should be stripped of judicial immunity because his actions were erroneous or malicious. *Pulliam* holds that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity," 466 U.S. at 541-42, but as explained above and in the Court's previous orders, Plaintiff has sought in this case only the types of prospective injunctive relief not available under 42 U.S.C. § 1983. *San Filippo* involved a claim of absolute immunity invoked by two bank officers who were sued based on allegations that they had conspired with a federal prosecutor to present false grand jury testimony and withhold exculpatory evidence. 737 F.2d at 248, 254. It does not speak to judicial immunity.

5

In the response currently before this Court, Plaintiff also discusses the irreparable harm he suffers because he is detained pending trial. (Doc. 21, p. 2.) He again attempts to add factual allegations to this case without filing an amended complaint, *id.* at 3, and he addresses the nature and purpose of habeas corpus relief, *id.* at 3-4. Finally, Plaintiff explains to the Court that he wishes it to "take[] jurisdiction" over all the related cases from Missouri and Kansas state courts and reverse all orders issued in both Missouri and Kansas, award Plaintiff full custody of his son, award monetary relief, incarcerate Ms. Freitag, sanction various state-court judges, and recommend that Plaintiff "can bypass law school and take the bar exam with a sealed arrest record." *Id.* at 5.

As explained to Plaintiff in the MOSC, the only two Defendants named in this matter were the State of Kansas and Judge Braun, both of whom are immune from the claims brought and relief sought by Plaintiff in his complaint. Even liberally construing Plaintiff's latest response to the MOSC, even if the response had been received and considered before the dismissal of this matter, nothing in the response would have altered the Court's determination that this case must be dismissed for failure to state a claim against a named Defendant. Thus, this case will remain closed.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for summary judgment (**Doc. 20**) is **denied.** Even considering the merits of Plaintiff's response (Doc. 21), the Court remains convinced that this matter was correctly dismissed on August 29, 2025. The case shall remain closed.

**IT IS SO ORDERED**.

**Dated this 3rd day of September, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
JOHN W. LUNGSTRUM
**UNITED STATES DISTRICT JUDGE**
