IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHEAL SALMON,

    **Plaintiff,**

    v.                                      CASE NO. 25-3148-JWL

DAVID BRAUN, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff Micheal Salmon, a state pretrial detainee currently detained at the Frankin County Detention Center (FCDC) in Ottawa, Kansas, brought this pro se civil action under 42 U.S.C. § 1983. (Doc. 1.) The Court conducted the statutorily required screening of the complaint in this matter and, on August 19, 2025, issued a memorandum and order to show cause (MOSC) identifying certain deficiencies in the complaint that left this matter subject to dismissal in its entirety. (Doc. 11.)

The MOSC explained that the release from pretrial detention that Plaintiff seeks is unavailable in a civil rights action and liberally construing this as a habeas matter would not help Plaintiff, as the Court would likely be required to abstain from considering habeas claims in light of the ongoing state-court criminal proceedings against Plaintiff. (Doc. 11, p. 5.) It further explained that this Court lacks the authority to order the type of federal investigation Plaintiff seeks in this case, so the only request for relief left in this matter is money damages. *Id.* The Eleventh Amendment bars suit against the State of Kansas and its officials for money damages, so Defendants the State of Kansas and Kansas district judge David Braun—insofar as he is being sued in his official capacity—are subject to dismissal from this case. *Id.* at 6-7. Finally, even if

1

Plaintiff intended to sue Judge Braun in his individual capacity, Judge Braun is entitled to judicial immunity from suit. *Id.* at 7-8. The MOSC granted Plaintiff "time in which to show cause, in writing, why this matter should not be dismissed in its entirety." *Id.* at 8.

On August 25, 2025, the Court received from Plaintiff an affidavit of fact (Doc. 12), a motion to vacate and correct sentence (Doc. 13), a motion to include Judge Klapper (Doc. 14), a motion for writ of mandamus quo warranto (Doc. 15), and a motion for writ of mandamus (Doc. 16). Three days later, the Court received from Plaintiff a response to the MOSC (Doc. 17.)

On August 29, 2025, the Court issued an order ruling on the motions, considering the response, and ultimately dismissing this matter with prejudice for failure to state a claim on which relief can be granted. (Doc. 18.) On September 2, 2025, the Court received from Plaintiff two additional documents that appeared to potentially have been mailed prior to the dismissal of this action, so the Court considered whether those documents would have altered its decision to dismiss. The following day, the Court issued a memorandum and order explaining its analysis of the new documents and its conclusion that the matter had been properly dismissed. (Doc. 22.) The Court specifically explained in that order that "the only two Defendants named in this matter were the State of Kansas and Judge Braun" and both the State and Judge Braun "are immune from the claims brought and relief sought by Plaintiff in his complaint." *Id.* at 6. Because nothing in the filings received from Plaintiff after the dismissal order issued changed those facts, the Court determined that this case should remain closed. *Id.*

On September 8, 2025, the Court received from Plaintiff a "Motion to Show Cause for Conspiracy and Prosecutorial Errors" (Doc. 23); a "Motion for Amendment Complaint" (Doc. 24); and a "Form of Order and Motion to Combine Cases" (Doc. 25). The "Motion for Amendment Complaint [*sic*]" expressly requests that this case be reopened. (Doc. 24.) Because judgment was

entered in this case less than 28 days ago, the Court will treat all of the current motions as seeking relief from the dismissal under Rule 59 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. Motions to alter or amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

**"Motion to Show Cause for Conspiracy and Prosecutorial Errors" (Doc. 23)**

In this motion, Plaintiff summarily recites state statutes and what appear to be holdings from Kansas state caselaw, repeats his belief that his constitutional rights have been violated in the ongoing state criminal proceedings and the events leading to his prosecution, and repeats his

3

arguments that various state actors conspired against him. (Doc. 23, p. 1-4.) Even liberally construing the motion, Plaintiff has failed to show an intervening change in the controlling law since this case was dismissed, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice. In other words, Plaintiff has failed to show sufficient reason under Rule 59(e) for the Court to alter or amend the August 29, 2025 memorandum and order dismissing this case or the judgment entered the same day. The motion (Doc. 23) will be denied.

### "Motion for Amendment Complaint [*sic*]" (Doc. 24)

In the "Motion for Amendment Complaint [*sic*]," Plaintiff "demands the case be reopened," pointing out that the MOSC gave him until September 15, 2025 to show cause why the case should not be dismissed. (Doc. 24.) Plaintiff is correct that the MOSC[1] granted him "to and including September 19, 2025 in which to show cause, in writing, why this matter should not be dismissed for failure to state a plausible claim for relief against a named defendant." (Doc. 11, p. 8.) The Court did not contemplate, however, that Plaintiff would interpret this language to allow him to file multiple responses to the MOSC. This interpretation is neither reasonable nor appropriate. The Court received a response to the MOSC from Plaintiff, considered it, and ruled on it, as is the general practice of this Court.

In fact, between the issuance of the MOSC and the dismissal of this matter, the Court considered and ruled on four motions, a response to the MOSC, and an affidavit of fact all filed by Plaintiff in this case. (Docs. 12 through 18.) The Court received and considered another motion and a second response to the MOSC shortly after the dismissal of this matter. (Docs. 20 through

---

[1] Plaintiff refers to the MOSC as "[t]he Defendants motion to show cause [*sic*]," but the MOSC was issued by the Court. No defendants have been served in this matter because, as the MOSC explains, the only named Defendants are immune to the claims for monetary damages made by Plaintiff in the complaint and the injunctive relief Plaintiff sought in the complaint is not available as a matter of law.

22.) Nothing in any of the documents Plaintiff has submitted since the MOSC—two of which were responses to the MOSC—shows good cause why the Court should not dismiss this matter because it names only immune defendants. Moreover, Plaintiff's misinterpretation of the MOSC does not constitute an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice, as would justify relief under Rule 59(e). Thus, the motion (Doc. 24) will be denied.

## "Form of Order and Motion to Combine Cases" (Doc. 25)

In the document titled "Form of Order and Motion to Combine Cases," Plaintiff discusses the doctrine of res judicata, diversity jurisdiction requirements, the purposes of 42 U.S.C. § 1983 and punitive damages, the continuing violation doctrine, and other broad topics. (Doc. 25, p. 1-3.) To the extent that the motion relates these concepts to the MOSC, it does so only in a conclusory fashion. *See id.* at p. 2 ("*Stump v. Sparman* 435 (1978) shows lack of immunity when David Braun broke federal law, and working with non-immune parties [*sic*]."). Plaintiff also asks the Court in this motion to order discovery in this matter and he argues that combination of cases should occur, but he does not identify the other case with which this case should be combined. *Id.* at 4-5. As with the motions discussed above, even when the motion is liberally construed, it fails show an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice. In other words, this motion does not establish reason under Rule 59(e) for the Court to alter or amend the memorandum and order dismissing this case or the judgment entered the same day. The motion (Doc. 24) will be denied.

## Conclusion

The Court has carefully reviewed and considered the three motions received from Plaintiff on September 8, 2025. To the extent that the motions can be liberally construed to respond to the MOSC, they would not have altered the Court's previous analysis and conclusion that this matter should be dismissed with prejudice for failure to state a claim because Plaintiff has named only Defendants who are immune from the claims brought in this matter. To the extent that the motions can be liberally construed to seek reconsideration of the dismissal of this matter, the Court finds them unpersuasive and they are denied. Finally, to the extent that Plaintiff intended the motions to seek other specific action by this Court, they are denied. This case is closed and will remain closed.

**IT IS THEREFORE ORDERED BY THE COURT** that the "Motion to Show Cause for Conspiracy and Prosecutorial Errors" (**Doc. 23**); the "Motion for Amendment Complaint [*sic*]" (**Doc. 24**), and the "Form of Order and Motion to Combine Cases" (**Doc. 25**) are **denied** for the reasons set forth in this order. This case shall remain closed.

**IT IS SO ORDERED**.

**Dated this 9th day of September, 2025, in Kansas City, Kansas.**

                                          **S/ John W. Lungstrum**
                                          **JOHN W. LUNGSTRUM**
                                          **UNITED STATES DISTRICT JUDGE**