IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHEAL SALMON,

                  **Plaintiff,**

v.                                                             CASE NO. 25-3148-JWL

DAVID BRAUN, et al.,

                  **Defendants.**

## MEMORANDUM AND ORDER

This matter is a pro se civil rights action brought by Plaintiff and state pretrial detainee Micheal Salmon under 42 U.S.C. § 1983. (Doc. 1.) It was dismissed on August 29, 2025 for failure to state a claim on which relief can be granted. (Doc. 18.) The Court then received additional documents that appeared to have potentially been mailed prior to the dismissal of this action, so the Court considered whether those documents would have altered the decision to dismiss. They did not, so on September 3, 2025, the Court issued a memorandum and order explaining its conclusion that the matter had been properly dismissed. (Doc. 22.)

The Court then received an additional three motions from Plaintiff, which it liberally construed as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). (*See* Doc. 26, p. 2-3.) On September 9, 2025, the Court issued a memorandum and order addressing each motion and explaining the conclusion that none of the motions persuasively showed that the Court should reconsider the dismissal of the action. *Id.* at 1-6. The Court directed that this case "will remain closed." *Id.* at 6.

On September 15, 2025, the Court received from Plaintiff a motion for leave to amend the complaint in this matter. (Doc. 27.) With this motion, Plaintiff submitted to the Court "a mold

1

sample scraped from the walls of Cell 206" and "a few dead insects found in [Plaintiff's] food" in August 2025. *See id.* at 3-4. The mold scraping and dead insects were returned to Plaintiff because he had not been granted leave to file conventional exhibits in this matter as required by the Administrative Procedures of this Court.

Even liberally construed, the motion presently before the Court does not address or even acknowledge that this case has been dismissed and is now closed. It seeks to add claims and defendants to this matter. Such motions are procedurally improper and processing them and the improperly submitted physical exhibits are an inefficient use of Court resources. "'Every paper filed with the Clerk of this Court . . . requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.'" *Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL 1707399, *5 (D. Kan. June 18, 2025) (unpublished) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). Utilizing the Court's limited resources to file motions in this closed case and to return to Plaintiff evidence that is unnecessary and was improperly submitted does not promote the interests of justice.

This case was dismissed and judgment has been entered. Thus, generally speaking, the only documents appropriate for filing in this case are motions directed to the dismissal, such as those brought under Federal Rule of Civil Procedure 60, or filings required to pursue an appeal of the dismissal. Information about the procedures for initiating an appeal can be found in Rules 3, 4, and 5 of the Federal Rules of Appellate Procedure and additional information is available on the website of the United States Court of Appeals for the Tenth Circuit. Future motions that are unrelated to relief from the judgment and/or an appeal of the dismissal will be summarily denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's "Motion for Leave to Amend Complaint" (**Doc. 27**) is **denied** for the reasons set forth in this order. Plaintiff is directed to refrain from submitting evidence in this matter or filing any motion in this matter that is unrelated to relief from the judgment and/or an appeal of the dismissal.

**IT IS SO ORDERED.**

DATED:   This 16th day of September, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
