IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHEAL SALMON,**

      **Plaintiff,**

      v.                                                    CASE NO. 25-3148-JWL

**DAVID BRAUN, et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff and Kansas pretrial detainee Micheal Salmon brought this pro se civil rights action under 42 U.S.C. § 1983 alleging judicial misconduct and the violation of his civil rights by various district judges in Missouri and Kansas, including Defendant Judge David Braun of the District Court of Franklin County, Kansas. (Doc. 1.) The only other Defendant named in this action was the State of Kansas. *Id.* Plaintiff was granted leave to proceed without prepayment of fees and without paying an initial partial filing fee. (Doc. 10.) This case was dismissed on August 29, 2025 for failure to state a plausible claim on which relief could be granted. (Doc. 18.) Judgment was entered the same day. (Doc. 19.)

This matter comes now before the Court on Plaintiff's motion for reconsideration of the dismissal, which the Court received on September 19, 2025. (Doc. 29.) In the motion, Plaintiff asks the Court to reconsider the dismissal of this matter, arguing that he has asserted that his bond was improperly revoked, he was denied a bond revocation hearing, and he was not allowed to object to his appointed counsel's failure to seek Plaintiff's release on his own recognizance. *Id.* at 1. Plaintiff further asserts that he previously stated claims of ineffective assistance of counsel by attorney Chris Gunn, that Mr. Gunn conspired with the State to entrap Plaintiff instead of

1

defending him, that "Franklin County staff" listened to private and privileged communications between Plaintiff and Mr. Gunn, and that the relief he seeks is an order for his release or a new bond hearing. *Id.* at 2. Finally, Plaintiff asserts that nothing he has filed has been frivolous or malicious, he states that pro se litigants "are supposed to be given leniency," and he asks the Court to "bring an END to the injustices" he is suffering. *Id.* at 3.

The motion will be denied. The Court has repeatedly explained to Plaintiff the reasons this case was dismissed. In a memorandum and order to show cause issued August 19, 2025, the Court explained that release is not available as relief in this case and the Court lacks authority to order the federal investigation Plaintiff seeks, which leaves money damages as the only available relief sought in this case. (*See* Doc. 11, p. 4-5.) The Eleventh Amendment provides that the State of Kansas is immune from suit in this Court for money damages. *Id.* at 6-7. If Plaintiff intended to sue Judge Braun in his official capacity, the Eleventh Amendment bar applies to him as well. *Id.* at 7. If Plaintiff intended to sue Judge Braun in his individual capacity, Judge Braun enjoys judicial immunity from Plaintiff's claims against him, which are based upon actions Judge Braun took in his judicial capacity. *Id.* Thus, because the complaint seeks only relief that is unavailable or from which the only named Defendants are immune, the complaint failed to state a plausible claim for relief from a named Defendant. *Id.* at 8. These reasons were explained again in the Court's August 29, 2025 memorandum and order dismissing this matter. (Doc. 18, p. 1-3.)

Plaintiff also has been advised that if he "wish[ed] to add claims, defendants, or factual allegations to the complaint in this case, he must do so by filing a complete and proper amended complaint in this case." (Doc. 11, p. 2 n.2; Doc. 18, p. 3-4.) At no time did Plaintiff file a complete and proper amended complaint in this matter. Thus, the only named Defendants remain the State of Kansas and Judge Braun. Nothing in Plaintiff's current motion for reconsideration alters this or

demonstrates any flaw in the Court's reasoning that the complaint fails to state a plausible claim for relief against either the State of Kansas or Judge Braun.

The Court recognizes that Plaintiff is unhappy with his continuing detention by the State of Kansas and that Plaintiff believes his constitutional rights have been and are being violated. Moreover, the Court assures Plaintiff that it has liberally construed all of Plaintiff's filings in this matter, as is appropriate because Plaintiff proceeds pro se. But the Court cannot act as Plaintiff's advocate or construct legal arguments on Plaintiff's behalf. Plaintiff brought this case against two Defendants and he asserted only claims from which those Defendants are immune. If Plaintiff wishes to bring claims against other defendants on different facts than those asserted in the complaint in this matter, he must do so in another action. This matter will remain closed.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for reconsideration (Doc. 29) is **denied**. This case will remain closed.

**IT IS SO ORDERED**.

**Dated September 23, 2025, in Kansas City, Kansas.**

                                           **S/ John W. Lungstrum**
                                           **JOHN W. LUNGSTRUM**
                                           **UNITED STATES DISTRICT JUDGE**